Phillip Raymond
McCalla Raymer Leibert Pierce, LLC
99 Wood Avenue, Suite 803
Iselin, NJ 08830
Telephone: (732) 902-5399
NJ_ECF_Notices@mccalla.com
Attorneys for Secured Creditor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 13 |
| Nicole Davis, | Case No. 18-14689-SLM |
| | Hearing Date: July 25, 2018 at 9:00 am |
| Debtor. | Judge: Stacey L. Meisel |

### OBJECTION TO PLAN CONFIRMATION

Bayview Loan Servicing, LLC (the "Secured Creditor"), by its counsel, McCalla Raymer Leibert Pierce, LLC, states the following grounds as and for an Objection to Confirmation of the Debtor's Chapter 13 plan (the "Plan"):

1. Secured Creditor holds a perfected mortgage on Debtor's real property; the property known as 545 McChesney Street, Orange, NJ 07050 (the "Property"). On January 11, 2008, Nicole Davis (the "Debtor") borrowed $225,040.00 in exchange for a mortgage on the Property (the "Mortgage"). The Mortgage was recorded prepetition on February 27, 2008 in the Essex County Register's Office. The Mortgage was subsequently modified by a loan modification agreement executed by Nicole N Davis on May 27, 2015, increasing the unpaid principal balance to $391,100.12. Secured Creditor anticipates filing a proof of claim with arrears of approximately $41,977.34 on a total claim of approximately $422,331.84.

2. Without even evaluating the feasibility of curing Secured Creditor's arrears, it is

apparent that Debtor's proposed budget is insufficient to make the proposed Plan payments. Debtor proposes Plan payment of $200.00 for sixty (60) months while Schedules I and J demonstrate a monthly disposable income of approximately $8.00. Therefore, confirmation of this Plan should be denied for lack of feasibility.

3. Debtor's Chapter 13 Plan acknowledges arrears owed to Secured Creditor, but proposes to cure arrears due to Secured Creditor through a modification agreement that would be offered by Secured Creditor. Modification is the business decision of Secured Creditor and does not present a feasible, independent plan of reorganization. As such, Debtor's Plan improperly shifts the burden of going forth with a feasible Chapter 13 plan to the creditor. Therefore this Plan cannot be confirmed.

4. Secured Creditor objects to any proposed plan by Debtor that fails to provide a feasible independent plan of reorganization.

WHEREFORE, Secured Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan for the reasons set forth above and for other relief as the Court may deem just and proper.

Dated: July 11, 2018

McCalla Raymer Leibert Pierce, LLC
Attorneys for Bayview Loan Servicing, LLC

/s/ *Phillip Raymond*
By:   Phillip Raymond